GALOWITZ v. BLYN.

(Supreme Court, Appellate Term. June 5, 1908.)

NEW TRIAL—GROUNDS—ERRORS AND IRREGULARITIES.
    Where, in an action to recover for making a suit, the issue was whether the suit fitted, and before defendant rested her case the court made an effort to adjust the trouble between the parties and asked plaintiff to "make it fit," to which plaintiff answered that he would, and that it would take one week to make the alteration, and the court remarked that it would reserve its decision one week, it was error to thereafter render judgment for plaintiff before the expiration of the week, and deny a mo-

tion for new trial made on the ground that defendant had not fully submitted her case.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Joseph Galowitz against Minnie Blyn. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Jonas & Neuberger, for appellant.
Julius J. Michael, for respondent.

PER CURIAM. This action was brought to recover the sum of $75 for making a suit for the defendant. The issue was as to whether or not the suit fitted the defendant. Before the defendant rested her case the court made an effort to adjust the trouble between the parties, and asked the plaintiff to "make it fit the lady," and also asked the plaintiff if he was willing to "cut it down in front and make it fit the lady," to which the plaintiff answered that he would do so, and that it would take one week to make the alteration. Thereupon the court said: "I shall reserve my decision one week." This was on March 3d. Subsequently, and on March 9th, he rendered a decision in favor of the plaintiff for the full amount of his claim. The defendant moved for a new trial upon affidavits setting forth the stopping of the trial to enable the plaintiff to comply with the request of the court and also setting up that she had, at the time the trial was suspended, two witnesses ready to testify that they were present at interviews between plaintiff and defendant, at which times plaintiff had admitted the suit did not fit and had promised to make the necessary alterations thereto, and that after the suspension of the trial the defendant appeared at plaintiff's place of business and asked that the suit be made to fit, and that plaintiff had refused to do so. This motion was denied, and defendant appeals both from the judgment and order denying her motion for a new trial.

It is clear that the trial judge did not consider that the suit fitted the defendant, and that the trial was suspended at his request to enable the plaintiff to alter the suit. The words "Defendant rests" appear in the record just after the colloquy between the plaintiff and the court relative to his having one week in which to make the suit fit; but these words are written in with ink, and support the defendant's contention that the defendant had not fully submitted her case when the trial was adjourned. The judgment was also rendered before the expiration of the week given, and no reason is shown for that course being taken.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.